UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL ACKERMAN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>NDOH, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  20cv1091-LAB (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

　　　Petitioner Israel Ackerman, a state prisoner proceeding *pro se* and *in forma pauperis*, filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 4). Ackerman challenges his convictions in San Diego County Superior Court for attempted manslaughter and assault with a deadly weapon, arguing that the trial court erroneously excluded impeachment evidence of a witness's drug use. His Petition was referred to Magistrate Judge Barbara Lynn Major who, on April 2, 2021, issued her report and recommendation ("R&R"). The R&R set forth a thorough account of the procedural history and analysis of Ackerman's claims and recommended denying the Petition. Ackerman objected to Judge Major's recommendation. For the following reasons, the Court **OVERRULES** Ackerman's objections and **ADOPTS IN FULL** Judge Major's R&R.

　　　A district court has jurisdiction to review a magistrate judge's report and

recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

On April 29, 2021, Ackerman filed an Objection to Judge Major's R&R. (Dkt. 11). He first argues that the R&R's account of the factual record, which is taken from the California Court of Appeal's findings of fact, is incomplete and contains various errors. (*Id*. at 1–3). However, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." Section 2254(e)(1) also provides that the "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." While Ackerman attempts to convince the Court that his version of the facts is the right one, he has not done so with clear and convincing evidence, and he instead offers only his own alternate version of events with no evidence—let alone clear and convincing evidence—to support these assertions.

Ackerman also argues that the trial court violated his constitutional rights to confront a witness, present a defense, and due process when the trial court precluded the impeachment of prosecution witness Bianca Beltran concerning her prior drug use and possession. (Dkt. 11 at 3). Judge Major found that the excluded impeachment evidence concerned a collateral matter and resulted in a harmless error, but Ackerman contends that "the evidence was relevant and fundamental to the defense argument that this was self-defense" and didn't involve premeditation or deliberation, and "would have demonstrated that there was a motive to return to the apartment" because "petitioner was invited over to use drugs." (*Id*. at 3–4). But

as the R&R points out, "even if Bianca had agreed to sell drugs to Petitioner, that agreement would not have undermined the substantial evidence that Petitioner returned to the apartment a third time [on the same day], used a ladder to sneak up the outside of the building, surprised the victim in the apartment, and then stabbed him multiple times." (Dkt. 10 at 15). Moreover, the R&R appropriately concludes that Petitioner had ample opportunity to cross-examine Bianca on other issues and undermine her credibility in various ways, and the jury had substantial evidence to support its guilty verdict. (*Id*. at 16).

Accordingly, the Court finds that the appellate court's decision that the exclusion of drug use evidence did not violate Ackerman's constitutional rights was not contrary to, and did not involve an unreasonable application of, clearly established federal law. And even if the exclusion of the evidence was an error, the error was harmless. The Court, therefore, **ADOPTS IN FULL** Judge Major's R&R, (Dkt. 10), and the Petition is **DENIED**, (Dkt. 4). The Clerk is directed to terminate this case.

**IT IS SO ORDERED.**

Dated: January 24, 2022

Honorable Larry Alan Burns
United States District Judge